**Ali PARTOVI, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 05–77153.

United States Court of Appeals, Ninth Circuit.

Submitted June 15, 2007 [*].

Filed Aug. 29, 2007.

Visuvanathan Rudrakumaran, Esq., New York, NY, for Petitioner.

Ali Partovi, Florence, AZ, pro se.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, District Director, Office of the District Chief Counsel, U.S. Department of Homeland Security, Phoenix, AZ, Linda S. Wendtland, Esq., Luis E. Perez, Esq., DOJ–U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: FARRIS, BOOCHEVER, and LEAVY, Circuit Judges.

MEMORANDUM [**]

Ali Partovi, a native and citizen of Iran, filed a habeas petition in district court challenging the decision of an Immigration Judge (IJ) denying his application for asylum, withholding of deportation, and relief under the Convention Against Torture (CAT). The district court denied the petition insofar as it sought relief from detention and transferred the remainder of the petition to this court under the REAL ID Act, which provides that we "treat the transferred case as if it had been filed pursuant to a petition for review." Pub.L. No. 109–13, § 106(c), 109 Stat. 231 (2005).

Partovi applied for admission to the United States in 2001 under the Visa Waiver Permanent Program, 8 U.S.C § 1187. Visitors admitted under the program may enter the country without a visa and stay ninety days, in exchange for waiv-

---

[*] This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

[**] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

ing their right to contest any removal action against them unless they challenge the removal based upon an application for asylum. *See* 8 U.S.C. § 1187(b)(2); 8 C.F.R. 1208.2(c)(1)(iii). Partovi was using a fraudulent passport and was immediately placed in immigration proceedings. He pled guilty to the offense of false use of passport under 18 U.S.C. § 1543.

Partovi applied for asylum, withholding of removal, and relief under the CAT. The IJ denied all relief and Partovi reserved his right to appeal. He never did, however, file an appeal with the Board of Immigration Appeals. Instead he filed his habeas petition in district court, where it was denied in part and transferred to this court under the REAL ID Act.

The immigration law limits our power to review removal orders to those for which "the alien has exhausted all administrative remedies available to the alien as of right." 8 U.S.C. § 1252(d)(1). The exhaustion requirement applies to habeas petitioners as well as those seeking direct review. *See Puga v. Chertoff*, 488 F.3d 812, 815 (9th Cir.2007). The statutory requirement is mandatory and jurisdictional. *See id.*

Partovi's failure to seek review from the BIA the IJ's denial of his asylum application constitutes a failure to exhaust administrative remedies, and deprives this court of jurisdiction. *See Zara v. Ashcroft*, 383 F.3d 927, 931 (9th Cir.2004). DISMISSED.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** The Honorable Eugene E. Siler, Jr., Senior United States Circuit Judge for the Sixth Circuit, sitting by designation.

---

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.